IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

JUN - 6 2014

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION NO. 2:12cr105-4

TROY BRANDON WOODARD,

        Defendant.

*MEMORANDUM ORDER*

Before the Court is Defendant Troy Brandon Woodard's Motion to Stay. ECF No. 731. Defendant filed a supporting memorandum, ECF No. 732, and the Government filed an Opposition, ECF No. 734. Two interested parties, Farmers Bank and Southern Bank, have filed their own Oppositions. ECF Nos. 735, 736.

Defendant was convicted of conspiracy to commit bank fraud and unlawful participation in a loan on May 24, 2013. He was sentenced to ninety-six months of imprisonment on September 30, 2013, and his appeal to the United States Court of Appeals for the Fourth Circuit is pending. On April 3, 2014, the Court entered a Final Order of Forfeiture. ECF No. 721. That Order forfeited, *inter alia*, "[p]roceeds from the foreclosure sale of real property located at 221 Western Avenue, Suffolk, Virginia, in accordance with the terms of a Settlement Agreement between the United States, Farmers Bank and Southern Bank and Trust Company." *Id.* It also amended a Restraining Order entered prior to trial that restricted any party from transferring or liquidating the property. ECF No. 22.

In his Motion to Stay, Defendant moves the Court to stay the Final Order of Forfeiture as it

1

applies to the Western Avenue property. Noting that a foreclosure sale is scheduled for May 29, 2014, Defendant contends that a stay is appropriate pursuant to Federal Rule of Criminal Procedure 32.2(d), which provides:

> Stay Pending Appeal. If a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review. A stay does not delay the ancillary proceeding or the determination of a third party's rights or interests. If the court rules in favor of any third party while an appeal is pending, the court may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless the defendant consents in writing or on the record.

In support of his Motion to Stay, Defendant maintains that the property is a bank branch that will be his only realistic opportunity to earn a living should he prevail on appeal.

Staying the forfeiture of the proceeds from the foreclosure sale would have no impact on the foreclosure sale, which was initiated by a secured creditor as a result of default on the note securing the property. The only possible relief Defendant might obtain is a stay of the amendment of the prior Restraining Order, which had previously barred the foreclosure of the Western Avenue property. Therefore, the Court construes his Motion as requesting a stay only of that portion of the Final Order of Forfeiture, not the forfeiture itself, and accordingly applies the traditional test for determining whether a stay pending appeal is warranted.

To obtain a stay pending appeal, Defendant must show that four factors weigh in his favor: (1) that he is likely to succeed on the merits on appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that the balance of the equities tips in his favor, and (4) that a stay is in the public interest. *BDC Capital, Inc. v. Thoburn Ltd. Partnership*, No. 1:13cv1594, 2014 WL 1416567 (E.D. Va. Apr. 14, 2014). Defendant has not satisfied his burden under this test. As to the first factor, he states only that his appeal "is not disingenuous or frivolous." ECF No. 732.

But as the Supreme Court has noted, the movant's chance of success must be "better than negligible," and "more than a mere possibility of relief is required" is insufficient. *Nken v. Holder*, 556 U.S. 418, 434-35 (2009) (quotation and punctuation omitted). Defendant's meager argument fails to satisfy this standard. As to the second factor, Defendant has not shown how he would suffer irreparable injury if the stay is denied. The ultimate cause of the foreclosure sale is independent of the judgment in this case, and Defendant has not explained why the foreclosure sale would not go forward even if he prevailed on appeal. As Defendant has satisfied neither the first nor second factors, the Court need not address the remaining factors.

For the reasons stated above, Defendant's Motion to Stay is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to all parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
June 6, 2014

*Nunc Pro Tunc*
*May 26, 2014*

Raymond A. Jackson
**United States District Judge**

3