IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | Nos. 13-4711(L) |
| | ) | 13-4818 |
| STEPHEN G. FIELDS, | ) | 13-4863 |
| | ) | |
| TROY BRANDON WOODARD, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| EDWARD J. WOODARD | ) | |
| | ) | |
| Appellants. | ) | |

GOVERNMENT'S RESPONSE IN OPPOSITION
TO APPELLANTS' MOTION FOR A DEFERRED APPENDIX

The United States of America, through undersigned counsel, respectfully files this opposition to the motions for a deferred appendix filed by Appellants STEPHEN G. FIELDS and TROY BRANDON WOODARD. Further, the government opposes Mr. Fields' suggestion that in the alternative the Court should shift responsibility to the appellee for assembling a portion of the appendix. In support of its position, the government states as follows:

1. Federal Rule of Appellate Procedure 30(a) places the responsibility for preparing and filing an appendix squarely on the appellant. Fed. R. App. P. 30(a); see also United States v. Seaboard Coast Line Railroad, 517 F.2d 881 (4th Cir. 1975)(dismissing appeal when appellant failed to prepare and

file an appendix to its brief). The Rules also provide that in particular cases preparation of the appendix may be deferred until after the briefs have been filed. Fed. R. App. P. 30(c). Any briefs and appendix filed in this case must of course comport with the privacy protections set forth in Federal Rule of Criminal Procedure 49.1. Fed. R. App. P. 25(a)(5).

2. The transcripts of the relevant proceedings in this case were completed in early April 2014. Thereafter, the Court ordered the appellants to file their opening brief and the appendix by May 16, 2014. On April 29, 2014, the appellants filed a motion to extend the filing time for their opening brief and the appendix. (Doc. No. 120.) The government did not object. The Court granted the motion and extended the filing time to July 16, 2014. On July 1, 2014, the appellants filed a second motion to extend the filing time for their opening brief and the appendix. (Doc. No. 124.) Again, the government did not object. The Court granted the motion and extended the filing time to August 18, 2014. (Doc. No. 125.)

3. Having heard nothing from the appellants about preparation of the appendix, the government reached out to counsel for Mr. Fields (the lead appellant) on June 30, 2014 to discuss the contents of the appendix as required by Federal Rule of Appellate Procedure 30(b)(1). At that time, the government

2

identified parts of the record it believed necessary to address the 18 broad issues identified by the appellants in their docketing statements – including sufficiency of the evidence challenges raised by both Edward Woodard and Troy Brandon Woodard.

4.   Over the course of the past month, the government continued to confer with appellants about the contents of the appendix – agreeing that many lengthy exhibits introduced by non-appealing co-defendants could be eliminated from the record and that transcripts from several pre-trial hearings also need not be included.

5.   On July 22, 2014, counsel for Mr. Fields first requested from the government copies of all its exhibits admitted at trial.  At that time, the government informed counsel that it did not have an electronic copy of the redacted exhibits admitted at trial.[1]  Further, the government told counsel that exhibits included in the joint appendix should be obtained directly from the Clerk of Court, who in accord with Local Criminal Rule 55(c)(3)[2] for the Eastern District of

---

[1] At the conclusion of trial, the trial court directed all parties to submit redacted exhibits in order to remove all personal identifying information from the admitted exhibits in accord with Federal Rule of Criminal Procedure 49.1.

[2] Specifically, Local Criminal Rule 55(c)(3) for the Easter District of Virginia requires the Clerk of the Court to maintain all exhibits admitted at a trial until "Forty-five (45) days after the date on which the judgment

Virginia has maintained all exhibits admitted at trial.

6. However, the government remains concerned that appellants have not obtained exhibits to be included in the appendix directly from the Clerk of the Court. Counsel for Mr. Fields and Troy Brandon Woodard both indicate in their respective motions that they obtained copies of exhibits from trial counsel. (Doc. No. 131, ¶ 2; Doc. No. 133, ¶ 2.) But numerous documents offered by the parties were only partially admitted by the trial court and/or redacted upon or after admission. Counsel for Mr. Fields and Troy Brandon Woodard both acknowledge that they do not have redacted versions of many of these exhibits. <u>Id.</u> So the only way to ensure the integrity of the record is for appellants to obtain all exhibits included in the appendix directly from the Clerk of Court.

7. A representative of the Norfolk Division Clerk of Court indicated that the office typically copies exhibits for appeals upon receiving a written request from appellate counsel. To date, none of the appellants have made such a written request.

8. The appellants have had sufficient time to properly prepare this appendix. Though counsel for Mr. Fields indicates

---

becomes final by the conclusion of direct review…." E.D. Va. Loc. Crim. R. 55(c)(3).

4

that "he had limited involvement with th[is] case….", (Doc. No. 131, Mot. For Deferred App. ¶1), he actually first noticed an appearance for Mr. Fields on July 12, 2012 (the day after the case was first indicted), he attended several pre-trial hearings, he filed numerous pleadings on behalf of his client, and he was present throughout the 10-week jury trial and at sentencing.  Moreover, this Court appointed counsel to represent Mr. Fields for the purposes of this appeal almost a year ago on October 3, 2013.  (Doc. No. 7.)  Counsel for Troy Brandon Woodard was appointed shortly thereafter on October 31, 2013. (Case No. 13-4711, Doc. No. 7.)  And, counsel for Edward J. Woodard (who also represented his client throughout the investigation and prosecution of this case) noticed his appearance for purposes of this appeal on December 2, 2013. (Case No. 13-4863, Doc. No. 5.)  Furthermore, counsel for Edward Woodard and Troy Brandon Woodard are both based in Tidewater in close proximity to the Norfolk Division of the U.S. District Court where the trial took place.

    9.    While awaiting completion of the transcripts, the appellants could easily have requested copies of the necessary exhibits from the Clerk of Court.  Instead, they waited until the eleventh hour to assemble the appendix, and are now faced with a choice between spending time properly preparing the

5

appendix or drafting their opening brief.  The government should not pay the price for the appellants' procrastination.

    10.   Deferring preparation of the appendix is unlikely to significantly reduce its size as appellants suggest.  See (Doc. No. 131, ¶7; Doc. No. 133, ¶4.)  The parties have already agreed to eliminate from the appendix numerous defense exhibits and the transcripts from several pre-trial hearings.  But, two of the appellants indicate that they will challenge the sufficiency of the evidence used to convict them.  In such circumstances, the appendix should include the vast majority of the exhibits introduced by the government at trial and the entire trial transcript.

    11. Instead of streamlining the appeal, deferring preparation of the appendix will unnecessarily complicate review of the record in what all agree is a complex case.  Improper or inaccurate citations are much more likely when the parties are not all working off a properly assembled appendix from the outset.

    Based on the foregoing, the United States respectfully requests that the Court deny appellants' motions for a deferred appendix, as well as Mr. Fields' request for an order requiring each party to assemble the exhibits they want included in the appendix.

                Respectfully submitted,

                Dana J. Boente
                United States Attorney


By:      /s/
                Katherine Lee Martin
                Melissa E. O'Boyle
                Uzo E. Asonye
                Assistant United States Attorneys

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 31, 2014, I electronically filed the foregoing response with the Clerk of the Court using the CM/ECF system, which sends a notification of such filing (NEF) to all counsel of record in this case.

By:     /s/
Katherine Lee Martin
Assistant United States Attorney
United States Attorney's Office
Main Street Centre
600 E. Main Street, Suite 1800
Richmond, Virginia 23219-2447
Phone: (804) 819-5400
Fax: (804) 819-7417
katherine.martin@usdoj.gov