**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    *Appellee,* )<br> )<br>    v. )<br> )<br>Stephen Fields *et al.* )<br>    *Appellants.* ) | Appeal Nos. 13-4711(L),<br>13-4818 & 13-4863. |

**APPELLANTS' MOTION FOR CLARIFICATION OF DUTIES AND/OR AUTHORIZATION OF FUNDS WITH RESPECT TO THE JOINT APPENDIX**

1. On July 27, 2014, Mr. Fields filed a motion requesting the Court for leave to submit a deferred appendix. (Dkt. 131). As Mr. Fields explained in his motion, the Government initially requested a Joint Appendix including ALL Government Exhibits and Defense Exhibits admitted at trial, resulting in a voluminous amount of material that exceeds 25,000 pages (which includes 11,000 pages of transcripts).

2. On August 4, 2014, this Court entered an Order denying the Appellants' motion for a deferred appendix, and directed the parties to continue working on a "selectively-abridged" appendix as required by this Court's Local Rule 30(b). (Dkt. 139).

3. Subsequent to this Order, Appellants contacted the Government in an effort to reduce the number of Government Exhibits that must be included in the Joint Appendix. The Government responded with a new list of Government Exhibits, which still includes over 2,700 pages of material.

4. Appellants have also contacted the Government in an effort to reduce the number of Defense Exhibits that must be included in the Joint Appendix.  As Mr. Fields explained previously, the Appellants believe that only a handful of Defense Exhibits are necessary for purposes of this appeal.  Nevertheless, we anticipate that the Government will want to include a substantial number of Defense Exhibits in the Joint Appendix, likely to exceed several thousand pages.

5. Because Mr. Fields does not possess the redacted Government Exhibits or the redacted Defense Exhibits for the other Appellants in this case, it is necessary to obtain those Exhibits from the district court in order to incorporate them in the Joint Appendix.

6. Based on counsel's conversation with the district court, obtaining these Exhibits will be a time-consuming and costly process.  The district court's clerk's office informed counsel that it lacks the personnel to manually copy all of the exhibits, and will have to obtain authorization from the trial judge to outsource this work.  The clerk estimates that the copying costs will exceed $0.50 per page, which means it can easily cost several thousand dollars just for the district court to copy all of the exhibits requested by the Government.  Moreover, the clerk estimates that this process will take several months.

7. Once the exhibits have been copied by the district court and sent to Mr. Fields, Mr. Fields will also need to hire a separate vendor to scan the exhibits. This, again, will be a costly and time-consuming process.

8. The Government blames Mr. Fields for not obtaining the redacted exhibits from the district court earlier. However, as we explained previously, undersigned counsel initially requested electronic copies of the exhibits from Mr. Fields' trial counsel, and received all of the redacted exhibits for Mr. Fields, as well as some of the unredacted exhibits for the Government and for the co-defendants. Subsequently, we attempted to obtain copies of the Government exhibits from the attorneys who represented the Government at trial (and are now opposing counsel on appeal). To our surprise, the Government represented that it does not have copies of any of the redacted Government Exhibits.

9. In counsel's judgment, it was prudent to not request the district court to copy all of the trial exhibits immediately upon being appointed to the case. This way, counsel could finish reading the transcript, decide which issues to raise on appeal, and selectively include only those exhibits that are truly necessary. Indeed, Mr. Fields believes that he only needs a handful of exhibits in the Joint Appendix to resolve the issues that he intends to raise on appeal. He did not expect the size of the Government's request to encompass thousands of pages of material.

10. Although we are obliged to honor the Government's request to include any additional exhibits it wishes to add to the Joint Appendix, we disagree with the Government's position that it is incumbent upon the Appellants to obtain (at great cost, as well as cutting into the time that the Appellants have to draft its brief) all of the extra Exhibits that the Government wants to add to the Joint Appendix.

11. Local Rule 30(c) provides: "Notwithstanding that FRAP 30 provides that the appellant shall prepare and file the appendix, the Court considers the coordination of preparing the appendix to be the responsibility of both sides."

12. We respectfully submit that it should be the Government's responsibility to obtain and produce those exhibits that it wants to include in the Joint Appendix. This is especially the case where the number of exhibits designated by the Government is not reasonably available to the Appellants. Placing this burden on Mr. Fields' counsel, solely because he is appointed as the lead counsel, would unfairly prejudice Mr. Fields. We have already expended significant time coordinating with the Government and counsel for the co-defendants regarding the contents of the Joint Appendix. Requiring Mr. Fields' counsel to also obtain and scan these exhibits will unduly restrict his ability to represent Mr. Fields on the brief.

13. Accordingly, Mr. Fields respectfully requests this Court to either: (a) clarify whether it is the Government's duty to provide the exhibits it wishes to include in the Joint Appendix to Mr. Fields for inclusion in the Joint Appendix, or (b) whether Mr. Fields must obtain these exhibits from the district court, in which case Mr. Fields seeks

authorization of funds to hire a vendor to scan these exhibits once the district court has copied them.


Filed:  8/11/2014                                                  Respectfully Submitted,


                                                                   By: /s/ Eugene V. Gorokhov
                                                                   Eugene V. Gorokhov VSB # 73582
                                                                   *Attorney for Appellant Stephen Fields*
                                                                   BURNHAM & GOROKHOV, PLLC
                                                                   1724 20th St., NW, Ste 304
                                                                   Washington, DC 20009
                                                                   (202) 386-6920 (phone)
                                                                   (267) 390-7587 (fax)
                                                                   eugene@burnhamgorokhov.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 11, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record in the case.

By: /s/ Eugene V. Gorokhov
Eugene V. Gorokhov VSB # 73582
*Attorney for Appellant Stephen Fields*
BURNHAM & GOROKHOV, PLLC
1724 20th St., NW, Ste 304
Washington, DC 20009
(202) 386-6920 (phone)
(267) 390-7587 (fax)
eugene@burnhamgorokhov.com
